MARY CVELICH, ADMINISTRATRIX OF THE ESTATE OF PAUL CVELICH, DECEASED, PLAINTIFF-APPELLANT, v. ERIE RAILROAD COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 28, 1938—Decided February 6, 1939.

For the plaintiff-appellant, *Alexander Simpson.*

For the defendant-respondent, *Collins & Corbin (Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff-appellant (herein referred to as plaintiff) recovered a judgment entered on the verdict of a jury, against the defendant-respondent (herein referred to as defendant) in the Hudson Common Pleas. On appeal of the defendant the Supreme Court reversed that judgment, and the plaintiff now appeals to this court.

The action was brought to recover for the pecuniary loss sustained by the next of kin of Paul Cvelich, who was employed as a deckhand on defendant's tug, and was drowned in the Hudson river, the action being instituted under the provisions of the Merchant Marine act, section 33, 46 *U. S. C. A.,* § 688.

The Supreme Court reversed the judgment of the Common Pleas because of the failure of the trial judge to nonsuit, the Supreme Court finding that the plaintiff had failed to sustain the "burden of proof," "by a preponderance of evidence"

respecting the allegation "that the crew at the time of the accident was negligent in not properly and in a timely manner rescuing the deceased."

We think that the judgment of reversal must be sustained; but we put the reversal upon another ground which was raised and argued, namely, because of errors in the charge of the court.

The plaintiff's complaint charged negligence upon the ground, among others, that "a certain life preserver on the said vessel, by reason of carelessness of the defendant, its servants and agents, was so improperly made and maintained, that when thrown into the vicinity of the intestate of the plaintiff, it failed to reach the intestate of the plaintiff, because it was by said defendant, its servants and agents, negligently attached to a rope of improper texture, size and length, and by reason of all the negligence aforesaid, the plaintiff's intestate suffered death by drowning as aforesaid."

Now the learned trial judge charged that the Shipping act (section 481) provides that "All the buoys shall be fitted with beckets securely seized. *Where two buoys only are carried, one shall be fitted with a life-line at least fifteen fathoms in length,* and where more than two buoys are carried, at least one buoy on each side shall be fitted with a life-line of at least fifteen fathoms in length." He further charged that the jury should consider whether or not the defendant "was negligent in having a buoy with a life-line of insufficient length." He further charged that the certificate of inspection made in conformity with the statute and admitted in evidence, sets forth that the tugboat in question "is in all things in conformity with the laws governing the Bureau of Navigation and Steamboat Inspection and the rules and regulations of the Board of Supervising Inspectors" and that it (said certificate) "is at least presumptive evidence that the facts therein set forth are true." He further charged: "There is nothing in this case under the proof which I can recall which says *that there are two life buoys* and only one buoy carried. *The certificate says two.*" He further charged that, as to whether or not one line can be less than fifteen fathoms in length, "*the act is not specific on that point and*

*I so charge you."* He further charged that "the mere fact that a line may have been short is some evidence which you should consider in determining whether or not the railroad company was negligent in having a buoy with a life-line of insufficient length."

Now the defendant took adequate exceptions to the various legal propositions in that charge, properly pointing out to the trial judge, and correctly as we think, that the charge, in respects indicated, was inconsistent and conflicting and permitted the jury to find the defendant negligent on a mere speculation as to the pertinent legal rule.

The result is that the judgment of the Supreme Court reversing the Common Pleas will be affirmed, and a new trial granted, costs to abide the event.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 12.

*For reversal*—PERSKIE, J. 1.